**SO ORDERED.**

**SIGNED this 30 day of May, 2023.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 20-00459-5-DMW |
| MICHAEL DUXBURY FANNING<br>JENNIFER L. FANNING | CHAPTER 13 |
| DEBTORS | |

### ORDER DENYING MOTION TO ABROGATE LOCAL RULES

This matter comes on to be heard upon the Motion to Abrogate E.D.N.C. LBR 4002-1(g)(5) and (g)(6) ("Motion") filed by Michael Duxbury Fanning ("Mr. Fanning") and Jennifer L. Fanning ("Ms. Fanning") (collectively, "Debtors") on August 9, 2022 and the Trustee's Response in Objection to Debtors' Motion to Abrogate filed by John F. Logan, Esq. ("Trustee"), Chapter 13 trustee at the time.[1]  The court conducted a hearing in Raleigh, North Carolina on September 7, 2022.  Travis Sasser, Esq. appeared for the Debtors, and Michael B. Burnett, Esq. appeared for the Trustee.  Based upon the pleadings, the arguments of counsel and the case record, the court makes the following findings of fact and conclusions of law:

---

[1] On January 3, 2023, the court appointed Michael B. Burnett, Esq. as trustee.

1.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the court has the authority to hear and determine the matter pursuant to 28 U.S.C. § 157(b)(1). The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference entered on August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2.  The Debtors filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on February 3, 2020. Under the terms of the Debtors' confirmed Chapter 13 Plan, general unsecured creditors, whose claims total over $260,000.00, will receive an approximate five percent dividend.

3.  On May 28, 2022, the Debtors filed a Motion to Incur Debt seeking court approval to finance the purchase of a residence "costing no more than $1,000,000.00 with monthly payments not to exceed $3,500.00 including escrow." The Debtors would like to relocate to be closer to their children's private school. At the hearing on the Motion to Incur Debt, Mr. Fanning testified that the Debtors would like to purchase a property with a price "significantly less" than $1,000,000.00 so that the Debtors' monthly mortgage payment would remain consistent with their current monthly mortgage payment in the amount of $3,017.17. Mr. Fanning also testified about "a very strong possibility" that Ms. Fanning's mother will come to live with the Debtors in the near future, likely contributing between $500.00 and $1,000.00 to the Debtors' household monthly.

4.  The court denied the Motion to Incur Debt in an Order entered July 14, 2022, finding that the proposed purchase was not in the best interests of the Debtors or their creditors. The court noted that even if Ms. Fanning's mother eventually would be assisting the Debtors financially, the proposed purchase was unreasonable under the circumstances of this case and indicated the Debtors may be seeking to continue living beyond their financial means. The

Debtors' prior financial missteps necessitated the filing of this case, and the proposed purchase could jeopardize the successful completion of the Debtors' Chapter 13 Plan and payment of the already meager dividend to general unsecured creditors. The Debtors did not appeal the court's Order denying the Motion to Incur Debt.

5. The Debtors filed the Motion to Incur Debt pursuant to this district's Local Rules 4002-1(g)(5) and (6) (collectively, "Local Rules") which require Chapter 13 debtors to obtain court approval prior to incurring "additional debt of $10,000 or more" or purchasing "any item of property of $10,000 or more with non-exempt assets." E.D.N.C. LBR 4002-1(g)(5), (6). The Debtors now request that the court abrogate the Local Rules in this case. The Debtors present various arguments against the Local Rules, and the court will address each in turn.

6. The Debtors assert the Local Rules "both abridge and modify the Debtors' substantive rights under 11 U.S.C. § 1303[2] and non-bankruptcy law in contravention of 28 U.S.C. § 2075," which dictates that the Federal Rules of Bankruptcy Procedure "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. The Debtors argue the Local Rules are substantive, rather than procedural, and they exceed the scope of Rule 9029 of the Federal Rules of Bankruptcy Procedure, which permits the court to "make and amend rules governing practice and procedure . . . which are consistent with—but not duplicative of—Acts of Congress and [the Federal Rules of Bankruptcy Procedure] . . . ." Fed. R. Bankr. P. 9029(a)(1).[3]

7. These arguments advanced by counsel for the Debtors are not new arguments, having been raised in another case involving Local Rule 4002-1(g)(5). That case was appealed to

---

[2] Section 1303 states that "[s]ubject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l), of this title" governing the use, sale or lease of property. 11 U.S.C. § 1303.

[3] Rule 9029 permits district courts to authorize the bankruptcy judges of the district to make and amend rules of practice and procedure. Fed. R. Bankr. P. 9029(a)(1). The United States District Court for the Eastern District of North Carolina has authorized this court to make and amend its local rules. *See In re Local Bankruptcy Rules*, Standing Order 87-PLR-3 (E.D.N.C. Oct. 8, 1987).

3

the United States District Court for the Eastern District of North Carolina, and in *Higgins v. Logan*, Judge Flanagan noted counsel's failure "to identify any provision of the Bankruptcy Code that provides a Chapter 13 debtor with an unfettered right to incur post-petition debt." 635 B.R. 776, 779 (E.D.N.C. 2021).  Local rules implementing a process for court approval of post-petition debt and related purchases cannot abridge an alleged substantive right, if no such right is provided within the Bankruptcy Code.

8. Judge Flanagan identified two statutes within the Bankruptcy Code, 11 U.S.C. §§ 1305(c) and 1328(d), that "curtail a debtor's ability to incur post-petition debt by requiring trustee approval." *Id.*  Section 1305 governs allowance of post-petition claims and provides that a claim for post-petition consumer debt for property or services necessary to performance under the plan "shall be disallowed if the holder of such claim knew or should have known that prior approval by the trustee of the debtor's incurring the obligation was practicable and was not obtained." 11 U.S.C. § 1305(c).  Similarly, § 1328(d) precludes the discharge of a claim filed under § 1305(a)(2) for post-petition consumer debt "if prior approval by the trustee of the debtor's incurring such debt was practicable and was not obtained." 11 U.S.C. § 1328(d).  Judge Flanagan found that §§ 1305(c) and 1328(d) indicate "the Bankruptcy Code contemplates trustee supervision over a debtor's decision to incur post-petition debt. Rather than abridging any substantive right, Local Bankruptcy Rule 4002-1(g)(5) effectuates the trustee supervision requirement codified in Sections 1305(c) and 1328 . . . ." *Id.* at 779-80.

9. The court is aware that §§ 1305(c) and 1328(d) are relevant only if the post-petition debt is to be treated as an allowed claim in a debtor's Chapter 13 case; however, these instances of trustee supervision cited by Judge Flanagan support her primary notion that Chapter 13 debtors do not possess the unrestrained financial autonomy that non-debtors may enjoy.  When

4

they filed the Motion to Incur Debt pursuant to the Local Rules, the Debtors were subjected to the scrutiny of this court, a process that they would not undergo in the absence of the Local Rules. The argument that the Local Rules abridge the Debtors' substantive rights, however, is histrionic and ignores two important principles underlying Chapter 13 of the Bankruptcy Code. First, Chapter 13 is a voluntary process, whereby debtors are able to discharge unsecured debt in exchange for committing to a repayment plan and the oversight of this court. Second, the court maintains an interest in ensuring the continued feasibility and success of Chapter 13 plans, for the benefit of debtors and creditors alike.[4] Debtors come into this court for many reasons, but a recurring reason is the failure to manage their short-term and long-term financial obligations. The Debtors assert, either through their own belief or that infused by their counsel, that they have learned the worldly lessons needed for efficient and effective personal financial management. Unless and until the Debtors can complete their confirmed Chapter 13 Plan, the Local Rules protect the Debtors from continuing their pre-petition problems.

10.     The Debtors also assert the Local Rules are not numbered in the uniform numbering system prescribed by the Judicial Conference of the United States,[5] as required by Rule 9029. The Debtors argue "[t]here is nothing in Federal Bankruptcy Rule 4002 that relates to the subject matter of the two local rules." The court disagrees. Rule 4002, entitled "Duties of Debtor," imposes

---

[4] The court is not alone in its oversight, although courts are split as to whether judicial pre-approval of post-petition debt may be required. The United States Bankruptcy Court for the Western District of Pennsylvania explained the two lines of reasoning as follows: "While the Bankruptcy Code grants self-employed chapter 13 debtors the rights and powers of a trustee under sections 363(c) and 364, these attributes are not extended to other chapter 13 debtors. Courts have wrestled with the implications of this exclusion, forming two divergent views. One line of cases considers that, for a debtor not "engaged in business," the lack of any express statutory directive to seek pre-approval to incur postpetition debt (whether secured or unsecured) is proof that none is required. The other mandates judicial pre-approval in light of the potential impact of postpetition debt on plan performance." *Zvoch v. Winnecour (In re Zvoch)*, 618 B.R. 734, 739-40 (Bankr. W.D. Pa. 2020) (collecting cases).

[5] Upon the recommendation of the Judicial Conference Committee on Rules of Practice and Procedure, on March 12, 1996 the Judicial Conference of the United States adopted a numbering system for local rules of court to correspond with the relevant Federal Rules of Practice and Procedure. *See* JCUS-Mar. 96, at 34-35 (Conf. Rep.).

various requirements upon debtors, including the directives to cooperate with the trustee in the administration of the estate and to file a statement of any change in address, as well as requirements of what a debtor must provide to the trustee prior to or at the meeting of creditors. Rule 4002 does not include any provision governing post-petition debt or purchases; however, the Local Rules set out duties upon Chapter 13 debtors before they may incur debt or make a substantial purchase. In that way, they fit squarely under the numerical umbrella of Rule 4002.

11. The uniform numbering system alleviates concerns that "[l]ack of uniform numbering might create unnecessary traps for counsel and litigants. A uniform numbering system [makes] it easier for an increasingly national bar and for litigants to locate a local rule that applies to a particular procedural issue." Fed. R. Bankr. P. 9029(a) advisory committee's note to 1995 amendment. If an infrequent practitioner in this district were to represent a debtor before this court, he or she would certainly seek out any local rule linked to Rule 4002 to determine the duties of a debtor in this district. The numbering of the Local Rules by linking them to Rule 4002 is logical, and the Local Rules are numbered in a way to ensure practitioners can be aware of a Chapter 13 debtor's duties in this district. The Local Rules comply with the uniform numbering system prescribed by the Judicial Conference of the United States and Rule 9029.

12. Lastly, the Debtors note that bankruptcy laws are to be uniform nationwide, and they argue that the Local Rules subject the Debtors to requirements that are different than those of Chapter 13 debtors in other jurisdictions. The Bankruptcy Clause of the United States Constitution empowers Congress to establish "uniform Laws on the subject of Bankruptcies throughout the United States." U.S. Const., Art. I, §8, cl. 4. In the recent case of *Siegel v. Fitzgerald*, the United States Supreme Court examined the fee rate increase implemented by Congress through the Bankruptcy Judgeship Act of 2017. 142 S. Ct. 1770 (2022). The increase was applicable in all

bankruptcy jurisdictions within the United States Trustee Program, but it was not applicable in Alabama and North Carolina, states subject to the "Administrator Program." The *Siegel* court stated that "[a]lthough the Bankruptcy Clause confers broad authority on Congress, the Clause also imposes a limitation on that authority: the requirement that the laws enacted be "uniform." . . . [T]he Bankruptcy Clause offers Congress flexibility, [sic] but does not permit arbitrary geographically disparate treatment of debtors." 142 S. Ct. at 1780.

13.    At the hearing, the Trustee presented an extensive and impressive compilation of local rules, form Chapter 13 Plans and standing orders from districts across the United States. This compilation overwhelmingly illustrated that debtors in many other districts must obtain approval from the trustee or the court before they may incur post-petition debt above certain threshold amounts or make certain post-petition purchases. Maybe as a surprise to the Debtors' counsel, the materials presented by the Trustee established that the $10,000 threshold in the Local Rules is significantly higher than the threshold amount for obtaining trustee or court approval in many other districts, making it easier for debtors in this district to incur less significant amounts of post-petition debt. More importantly, the Debtors' reference to *Siegel v. Fitzgerald* is misguided.[6] The Bankruptcy Clause applies to laws enacted by Congress, not to local rules of practice and procedure adopted to facilitate the successful administration of bankruptcy cases and which, by their very nature, vary by locality.[7] Still, in light of the court's finding that the Local Rules at issue do not abridge any substantive right of the Debtors, no conflict exists between the Local Rules and the Bankruptcy Clause's uniformity requirement.

---

[6] The court recognizes the long-standing and unexplained disdain for the United States Bankruptcy Administrator program held by the Debtors' counsel. Citing this case has little relevance to the issues before the court.

[7] In each of those districts, the consistent theme was an interest in protecting the debtors from themselves by requiring supervision over their financial rehabilitation and preventing insolvency suicide.

7

14. The Debtors were unhappy with the court's ruling on their Motion to Incur Debt, but they did not appeal the court's Order denying the requested relief. The Debtors now request abrogation of the Local Rules, seemingly seeking another bite at the proverbial apple. This attempted circumvention of the court's prior ruling is improper, but regardless, the Debtors have not established grounds to abrogate the Local Rules; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Motion be, and hereby is, denied.

END OF DOCUMENT